Filed 7/6/26  P. v. Scott CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TERRY EDWARD SCOTT, JR.,<br><br>Defendant and Appellant. | B340478<br><br>(Los Angeles County Super. Ct. No. BA499541) |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Julie A. Harris, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Terry Scott (appellant) of forcible rape of a child over the age of 14 and kidnapping to commit rape. He was sentenced to life without the possibility of parole (LWOP) under the One Strike law (Pen. Code, § 667.61).[1] He argues this sentence must be reversed based on what he contends was an incomplete verdict form. We reject his contention and affirm.

**FACTS AND PROCEDURAL HISTORY**

On the evening of September 26, 2021, 16-year-old Serenity F. waited for the train home in downtown Long Beach. While she sat at the station with earbuds in, listening to music, appellant approached her and tried to talk to her. She told him to leave her alone, and he backed off. When the train arrived, appellant stepped into the closest car, while Serenity entered the train a few cars down to avoid appellant.

Appellant then walked through the cars to find Serenity and sat across from her. When she eventually got off the train to catch the bus home, appellant followed her. She did not notice him. Appellant followed her off the bus as she began walking home, which was only blocks away. He crept up behind her, grabbed her by the neck with the crook of his arm, and choked her. She tried to escape by tripping him, and they both fell onto the ground multiple times. A couple of people walked by, and Serenity reached out for help, but they kept walking.

Appellant dragged Serenity behind an apartment building to a poorly lit parking area. He told her he would kill her if she did not comply. He then sexually assaulted her from about 9:00 p.m. until 4:00 a.m.

Appellant was charged with the forcible rape of a child over the age of 14 (§ 261, subd. (a)(2)) and kidnapping to commit

---

[1] Undesignated statutory references are to the Penal Code.

another crime (§ 209, subd. (b)(1)).  As to the rape count, it was further alleged that the victim was a minor at least 14 years old who had been kidnapped (§ 667.61, subds. (d), (*l*)).  As to both counts it was alleged that appellant had three prior serious or violent felonies (§§ 667, subd. (d), 1170.12, subd. (b)) and that various aggravating factors applied (Cal. Rules Court, rule 4.421).

On April 30, 2024, a jury found appellant guilty on both counts, found true that the victim was a child over the age of 14 and was kidnapped, and found true the prior convictions and aggravating factors.

The trial court sentenced appellant to LWOP for the rape under the One Strike law.  It imposed but stayed a sentence of 25 years to life for the kidnapping.

## DISCUSSION

Appellant argues that the verdict forms show that the jury did not make the finding that "the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying [rape]" (§ 667.61, subd. (d)(2)), which was necessary to support his LWOP sentence under the One Strike law.  We agree with the People that appellant forfeited this claim " 'by failing to object to the form of the verdict when the court proposed to submit it or when the jury returned its finding.' " (*People v. Johnson* (2015) 61 Cal.4th 734, 784; *People v. Bolin* (1998) 18 Cal.4th 297, 330 (*Bolin*).)  But we exercise our discretion to reject appellant's claim on its merits.

"Like a sentencing enhancement allegation, a 'One Strike allegation exposes a defendant to greater punishment than would be authorized by a verdict on the offense alone.' " (*In re Vaquera*

3

(2024) 15 Cal.5th 706, 718.)  "Without a true finding on a One Strike allegation, the court may not apply the lengthier sentences provided for in the One Strike law." (*Ibid*.)  Thus, "the prosecution must provide the defendant 'fair notice of the qualifying statutory circumstance or circumstances that are being pled, proved, and invoked in support of One Strike sentencing.' " (*Ibid*., quoting *People v. Mancebo* (2002) 27 Cal.4th 735, 754.)  A penalty provided under the One Strike law "shall apply" only if the circumstance warranting it is properly alleged "and is either admitted by the defendant . . . or found to be true by the trier of fact." (§ 667.61, subd. (*o*); *In re Vaquera*, at p. 718.)

Relevant here, the One Strike law requires a sentence of LWOP for a defendant who "kidnapped the victim [who is a minor 14 years of age or older] of the present offense [of rape under section 261, subdivision (a)(2)] and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in [rape]." (§ 667.61, subds. (d)(2), (*l*), (n).)

The jury here was specifically instructed that if it found appellant guilty of rape, it "must then decide whether the People have proved the additional allegation that the [defendant] kidnapped Serenity F., increasing the risk of harm to her," which in turn required proof that "the movement of Serenity F. substantially increased the risk of harm to her beyond that necessarily present in the rape."  The verdict form unequivocally shows that the jury found true this One Strike allegation.  Appellant urges otherwise based on the verdict form's phrasing ("the victim was a child over the age of 14 and was kidnapped"), which lacked explicit reference to the substantial increase in the risk of harm requirement.  The form's failure to reference this

4

particular requirement does not render invalid the jury's true finding, which it made after receiving correct instructions on the One Strike allegation. (*People v. Ochoa* (1998) 19 Cal.4th 353, 426 ["a verdict form need not restate the legal principles provided in proper instructions"]; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1014 [we assume jurors are intelligent and capable of correlating and understanding all jury instructions given].) What matters is that "[i]n returning the verdict form, the jury clearly manifested its intention to find true the allegation charged." (*People v. Jackson* (2014) 58 Cal.4th 724, 750; *People v. Webster* (1991) 54 Cal.3d 411, 447 ["technical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice"]; accord, *Bolin*, *supra*, 18 Cal.4th at p. 31.) To the extent that the omission of the substantial increase in harm language was error—which we are not persuaded it was—such error was harmless under any standard for determining prejudice.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


GOORVITCH, J.